UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENELL C. KELLY,<br><br>        Plaintiff,<br><br>        v.<br><br>CAROLYN COLVIN,<br><br>        Defendant. | CASE NO. C13-5328JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I.    INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") of United States Magistrate Judge Mary Alice Theiler (R&R (Dkt. # 22)), and Plaintiff Denell Kelly's objections thereto (Objections (Dkt. # 23)). Having carefully reviewed all of the foregoing, along with all other relevant documents, and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 22) and AFFIRMS the decision of the Administrative Law Judge ("ALJ").

ORDER- 1

## I.   BACKGROUND

Ms. Kelly applied for and was denied social security benefits. (R&R at 1.) She applied for both Social Security Income ("SSI") and Disability Insurance Benefits ("DIB") in March 2007. (*Id.* at 2.) Ms. Kelly suffers from degenerative disc disease, rheumatoid arthritis, ulnar neuropathy, depressive disorder, generalized anxiety disorder, and severe alcoholism. (*Id.* at 3.) She is in her early forties. (*Id.* at 1.) She has a high school education and previously worked as an administrative assistant and a bartender. (*Id.* at 1-2.) Ms. Kelly's benefits applications were denied, and she received a hearing before an ALJ. (*Id.*) The ALJ found that Ms. Kelly was not disabled, but Ms. Kelly appealed and the Appeals Council remanded for a new hearing. (*Id.*) Ms. Kelly then had a hearing in front of another ALJ, who also found that she was not disabled. (*Id.*) Ms. Kelly appealed that finding to this court, whereupon Magistrate Judge Theiler issued a 26-page Report and Recommendation recommending that the ALJ's findings be affirmed. (*See generally id.*

## II.   STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

(9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.*

While review of an R&R is de novo, the court must defer to the ALJ's findings and may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). The court must examine the record as a whole and may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The ALJ determines credibility, resolves conflicts in medical testimony, and resolves any other ambiguities that may exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). When the evidence is susceptible to more than one rational interpretation, the court must uphold the ALJ's conclusion. *Thomas*, 278 F.3d at 954.

### III.   DISCUSSION

Magistrate Judge Theiler recommended affirming the decision of the ALJ. (*See* R&R.) She found that the ALJ properly weighed the evidence presented at Ms. Kelly's hearing, applied the correct law, and made findings that were supported by substantial evidence. (*See generally id.*) Ms. Kelly argued to Magistrate Judge Theiler that the ALJ gave improper weight to various testifying witnesses and pieces of evidence. (*See* Opening Br. (Dkt. # 15).) In the R&R, Magistrate Judge Theiler explained at length why each of Ms. Kelly's arguments should be rejected. (*See generally* R&R.) She explained that the ALJ's analysis was "entirely reasonable." (*Id.* at 13.) She explained that each

time the ALJ gave little weight to a testifying witness, the ALJ's decision was supported by proper reasons and evidence, or else any error was harmless.  (*See id.* at 5-7, 16-17.)  For example, the ALJ properly gave less weight to certain evidence presented by Dr. Rogelio Zaragoza because Ms. Kelly demonstrated "poor effort" during her examination by that doctor.  (*Id.* at 9.)  Likewise, in the case of Ms. Kelly's own testimony, Magistrate Judge Theiler found that the ALJ gave clear and convincing reasons for finding Ms. Kelly not credible, including that her assertions were not consistent with the medical record and that her asserted functional limitations were not consistent with her actual ability to function.  (*Id.* at 21-23.)

Ms. Kelly objects to virtually all aspects of the R&R.  (*See generally* Objections.)  She argues that the ALJ improperly evaluated the medical evidence presented, giving too little weight to the testimony of some physicians and too much weight to others.  (*See id.* at 2-7.)  Ms. Kelly also argues that the ALJ erred by finding her not credible and by improperly evaluating additional evidence presented at the hearing.  (*Id.* at 10-12.)

However, none of Ms. Kelly's objections raise any novel issues that were not addressed by the R&R.  Moreover, the court has thoroughly examined the record before it and finds the Magistrate Judge's reasoning persuasive in light of that record.  Ms. Kelly essentially reargues the arguments she made to Magistrate Judge Theiler, and the court independently rejects them for the same reasons as Magistrate Judge Theiler.  Ms. Kelly asks the court to overturn the ALJ's factual findings and credibility determinations, arguing that those determinations were made in error.  The court has reviewed the record and concludes that substantial evidence supports all of the ALJ's findings, and that there

is no legal or factual error that would support reversing the ALJ or otherwise disagreeing with Magistrate Judge Theiler. *See* 42 U.S.C. § 405(g); *Bayliss*, 427 F.3d at 1214. Ms. Kelly asks the court to reweigh the evidence and resolve conflicts in medical testimony differently than the ALJ did. The court will not do this. *Thomas*, 278 F.3d at 954. It is the ALJ's job to determine credibility, resolve conflicts in medical testimony, and resolves any other ambiguities that may exist. *Andrews*, 53 F.3d at 1039. When the evidence is susceptible to more than one rational interpretation, the court must uphold the ALJ's conclusion. *Thomas*, 278 F.3d at 954.

## IV.   CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. # 22) in its entirety;

(2) The court AFFIRMS the decision of the Commissioner; and

(3) The court DIRECTS the Clerk to send copies of this Order to all counsel and to Magistrate Judge Theiler.

Dated this 18th day of February, 2014.

JAMES L. ROBART
United States District Judge